IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| **Jay Brian Brush**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-00032-DDN |
| | ) | |
| **United States of America** | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## First Amended Complaint

### Introduction

1. Plaintiff Jay Brush brings this action against the United States of America under 18 U.S.C. § 925A seeking all available relief, including a declaratory judgment that he is <u>not</u> prohibited from possessing a firearm or ammunition under federal law.

### Parties

2. Mr. Brush resides in Scotland County, Missouri at his principal residence of 814 North Browning Street, Memphis, Missouri 63555.

3. Defendant United States of America is a sovereign nation.

### Jurisdiction & Venue

4. Personal jurisdiction is proper in this Court because Mr. Brush is domiciled in Missouri.

5. This Court has subject matter jurisdiction under 28 U.S.C §1331 because this action arises under a federal statute, 18 U.S.C. § 925A(2), which provides a remedy for erroneous denial of firearm transfers, and because he seeks a declaratory judgment under 28 U.S.C. § 2201, which provides for declaratory judgments in federal actions.

6. Venus is appropriate in this Court under 28 U.S.C. § 1391(e)(1)(C) because Mr. Brush resides in this District and Division thereof.

## Facts

7. On September 28, 1989, Mr. Brush plead guilty to a misdemeanor, i.e., assault third degree under § 565.070 RSMo. (the "Misdemeanor Plea").  Mr. Brush has no other criminal pleas of guilt.

8. In or about January 2019, Mr. Brush attempted to purchase firearms on the internet from Palmetto State Armory, an American firearms company based in Columbia, South Carolina.

9. The firearms were sent to a federal firearms licensee, Jason Ketchum, who on or about January 18, 2019, required Mr. Brush to submit to a background check using ATF Form 4473.  The NICS transaction number assigned was 100WBLGHH.  *See* **Exhibit 1**, a copy of which is attached hereto and incorporated herein by reference.

10. On or about January 21, 2019, the transaction was denied because Mr. Brush's thirty-year-old "Misdemeanor Plea" was misclassified as a misdemeanor crime of domestic violence ("MCDV") under 18 U.S.C. §§ 921(a)(33) and 922(g)(9).

11. Under § 610.140 RSMo., Mr. Brush had the decades old Misdemeanor expunged from his record because he (wrongly) understood that this would enable him to purchase the firearms.  He was unaware, however, that the original denial was erroneous because his Misdemeanor Plea did not meet the statutory requirements for an MCDV under federal law.

12. In or about September 2019, Mr. Brush again attempted to purchase the firearms from Mr. Ketchum, who again submitted the required ATF Form 4473.  The NICS transaction number assigned to the transfer was 1012PBS9V.  *See* **Exhibit 2**, a copy of which is attached hereto and incorporated herein by reference.

13. On November 8, 2019, Mr. Brush received a letter from the Federal Bureau of Investigation ("FBI") reaffirming the FBI's denial of his right to possess or receive a firearm citing 18 U.S.C. § 921 (a) (33) and 922(g)(9). A copy of the FBI's letter is attached hereto and incorporated herein by reference as **Exhibit 3**.

14. This transaction was likewise erroneously denied because of the Misdemeanor Plea.

15. Federal law at 18 U.S.C. § 921(a)(33)(B) defines an MCDV as follows:

   a. A person shall not be considered to have been convicted of such an offense for purposes of this chapter unless-

      i. The person was represented by counsel in this case, or knowingly and intelligently waived the right to counsel in the case;

      ii. In the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

         1. the case was tried by a jury, or

         2. the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

16. The definition of an MCDV does not apply to Mr. Brush. He (1) was not represented by counsel at his plea and did not waive that right, and he (2) was entitled to a jury trial and did not waive that either.

17. A copy of the certified court file relating to the Misdemeanor Plea is attached hereto and incorporated herein by reference as **Exhibit 4**. The file is devoid of any evidence, including, but not limited to, (a) the Waiver of Counsel form mandated by Missouri law, (b) any other form providing guidance regarding self-representation and/or the waiver of a jury trial, and (c) any recording, transcript or other evidence that Mr. Brush was given information about his right to counsel on the record as required by Missouri law, suggesting that Mr. Brush was made aware of and/or waived his rights.

18. In addition to the silence of the file, Mr. Brush himself affirms that he did not knowingly, let alone intelligently, waive his right to counsel or right to a jury trial. He was not given any information orally or in document form regarding these rights. Among other things, he was never presented with (a) the Waiver of Counsel form mandated by Missouri law, (b) any other form providing guidance regarding self-representation and/or the waiver of a jury trial, and (c) any information about his right to counsel on the record as required by Missouri law.

19. Mr. Brush's plea took place in the judge's chambers rather than in open court. In attendance were the judge, the prosecutor, and Mr. Brush's wife, Samantha Brush (to whom he is still married today). Mr. Brush did not have an attorney and did not have any communications with a defense attorney throughout the pendency of the case. The proceedings were not transcribed and were not on the record. Mr. Brush did not have any prior experience with the criminal justice system. He was instructed by the judge to make the Misdemeanor Plea by signing the requisite forms, and he was not informed of any other options. Mr. Brush did as he was told.

20. Samantha Brush, who likewise did not have any prior experience with the criminal justice system, was an eyewitness who confirms Mr. Brush' account that he was never presented with (a) the Waiver of Counsel form mandated by Missouri law, (b) any other form providing

guidance regarding self-representation and/or the waiver of a jury trial, and (c) any information about his right to counsel on the record as required by Missouri law. She was already in chambers when Mr. Brush was brought in. She had been contacted by the prosecutor that her husband had been arrested. Mrs. Brush witnessed the entire proceeding from start to finish, and she confirms that Mr. Brush was not given any information regarding a right to counsel or a jury trial and that he did not affirmatively waive either right. She also confirms that Mr. Brush was instructed by the judge to make the Misdemeanor Plea and was not informed of any other options.

21. The judge who directed Mr. Brush's plea is deceased, and the prosecutor who was in chambers for the events described above does not have a distinct recollection of them and does not contradict Mr. and Mrs. Brush's accounts.

22. Upon information and belief, *pro se* criminal defendants in Scotland County, Missouri in 1989 were routinely made to give their pleas in the judge's chambers off the record and not in open court, and they were not apprised of their rights to counsel and to a jury trial as required by governing law.

23. Mr. Brush should not have been denied the ability to purchase the firearms described above, because he is not convicted of a crime that would prohibit him from possessing firearms.

24. Because of the FBI's mistake, Mr. Brush continues to be unable to purchase these or other firearms.

25. Therefore, Mr. Brush seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that he is not prohibited form possessing a firearm or ammunition under federal law.

**Prayer for Relief**

Wherefore, Plaintiff Jay Brush prays for a declaratory judgment against the United States of America under 28 U.S.C. §2201 that he is not prohibited under federal law from receiving or possessing a firearm or ammunition; for an award of his reasonable attorney's fees and costs under 18 U.S.C. § 925A; and for such other and further relief that the Court deems just and proper under the circumstances.

Dated:  August 9, 2022

        Respectfully submitted,

        ERNST LAW FIRM, LLC

By:    */s/ Edwin C. Ernst, IV*
        Edwin C. Ernst, IV #57521
        Jeffrey W. Ernst #58658
        13321 N. Outer Forty Rd., Suite 600
        St. Louis, Missouri 63017
        (314) 690-1724 Telephone
        (314) 448-4300 Facsimile
        eddie@ernstlawfirm.net
        jeffrey@ernstlawfirm.net

*Attorneys for Plaintiff*
*Jay Brush*

**Certificate of Service**

The undersigned hereby certifies that on August 9, 2022 the foregoing was filed electronically with the Clerk of the Court and thereby served upon counsel of record for the United States.

        */s/ Edwin C. Ernst, IV*