UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAY BRIAN BRUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2: 22 CV 32 DDN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant United States to dismiss the First Amended Complaint of plaintiff Jay Brian Brush under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or alternatively under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 13.)  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

The Court denies the motion to dismiss for the reasons set forth below.

## I.  BACKGROUND

Plaintiff Jay Brian Brush brings this action against the defendant United States, invoking subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) for a claim based on 18 U.S.C. § 925A, seeking a declaratory judgment under 28 U.S.C. § 2201 that he is not prohibited by federal law from possessing firearms or ammunition.  (Doc. 10.)

Plaintiff specifically alleges the following in his one-count First Amended Complaint.  On September 28, 1989, he pled guilty to a misdemeanor, *i.e.,* assault third degree under § 565.070 R.S.Mo., in the Circuit Court of Scotland County, Missouri ("misdemeanor assault conviction"). He "has no other criminal pleas of guilt."  (*Id.* at 2.)  In January 2019, plaintiff attempted to purchase firearms on the internet from a firearms company in South Carolina.  The firearms were sent to a federal firearms licensee who on January 19, 2019, required plaintiff to submit to a background check using ATF form 4473.  Plaintiff alleges that on January 21, 2019, the sale transaction was denied because his misdemeanor assault conviction was misclassified as a

"misdemeanor crime of domestic violence" under 18 U.S.C. §§ 921(a)(33)[1] and 922(g)(9) [2], in spite of the fact that under § 610.140 R.S.Mo. he had had the record of his misdemeanor assault conviction expunged.

Plaintiff alleges that in September 2019 he attempted again to purchase firearms from the same federal licensee who again required that plaintiff submit a form 4473, which he did. [3] On November 8, 2019, plaintiff received a letter from the Federal Bureau of Investigation which reaffirmed the FBI's denial of plaintiff's right to possess or receive a firearm under §§ 921(a)(33) and 922(g)(9), because he had been convicted of a "misdemeanor crime of domestic violence." (Doc. 10-3, Exhibit 3 attached to First Amended Complaint.)

Plaintiff alleges that under §§ 921(a)(33) and 922(g)(9) his misdemeanor assault conviction does not disqualify him from possessing a firearm because, during the proceeding in which he pled guilty to the misdemeanor assault, he was not represented by counsel, he was entitled to a jury trial, and he did not waive either his right to counsel or his right to a jury trial. He alleges his plea proceeding was not on the record or recorded as required by Missouri law, and there is no

---

[1] In his First Amended Complaint plaintiff expressly invokes the relevant portions of 18 U.S.C. § 921 which defines the term "misdemeanor crime of domestic violence," 18 U.S.C. § 921(a)(33)(A), but then states the following:

> (B)(i)    A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless—
>
> > (I)    the person was represented by counsel in the case, or knowingly and intentionally waived the right to counsel in the case; and
>
> > (II)    in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either
>
> > > (aa)    the case was tried by a jury, or
> > > (bb)    the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

18 U.S.C. § 921(a)(33)(B).

[2] Under § 922(g)(9), it is unlawful for anyone to possess any firearm or ammunition "who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9).

[3] The forms 4473 are attached to the amended complaint as Exhibits 1 and 2.

transcript or documentary record that contradicts his memory of the proceeding. He alleges the plea proceeding took place in the judge's chambers. The only persons present were the judge, the prosecutor, plaintiff, and plaintiff's wife, Samantha Brush. Plaintiff alleges he had had no prior experience with the criminal justice system and he was instructed by the judge to plead guilty by signing a plea form, which he did.

Plaintiff alleges his wife confirms his recollection that he was never presented with a waiver of counsel form, which is required by Missouri law, or any document regarding self-representation or waiver of a jury trial. His wife remembers that plaintiff was not given any information about the right to counsel or the right to a jury trial and that he did not affirmatively waive either right. She remembers that the judge instructed plaintiff to plead guilty. Plaintiff alleges that the judge is now deceased and that the prosecutor, who was present for the plea, does not now have a distinct recollection of the proceedings and does not contradict plaintiff's and his wife's accounts of the proceedings.

Plaintiff further alleges that "*pro se* criminal defendants in Scotland County, Missouri in 1989 were routinely made to give their pleas in the judge's chambers off the record and not in open court, and they were not apprised of their rights to counsel and to a jury trial as required by governing law." (Doc. 10 at 5.)

As stated, plaintiff seeks a declaratory judgment that he is not prohibited under federal law from receiving or possessing a firearm or ammunition.

## II. DISCUSSION

The government moves to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman*[4] doctrine or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### *Subject matter jurisdiction*

Whether this Court has subject matter jurisdiction must always be answered in the affirmative before the Court can litigate the parties' underlying dispute. *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). To answer the issue, the Court looks to the face of the

---

[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983).

pleadings or to the truthfulness of their allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Defendant challenges the legal sufficiency of plaintiff's allegations.

Plaintiff's amended complaint invokes the subject matter jurisdiction granted this Court by 28 U.S.C. § 1331 (for "all civil actions arising under the . . . laws . . . of the United States") for a claim he alleges is based on 18 U.S.C. § 925A. Section 925A provides that any person who is denied a firearm under 18 U.S.C. § 922(s) or (t) due to erroneous information by the national instant criminal background check system ("NICS") or who is not prohibited from receipt of a firearm by § 922(g) or (n) may bring a judicial action against the United States for relief from the denial. 18 U.S.C. § 925A.

In *Rooker v. Fidelity Trust Co.*, the Supreme Court held that, under Congressional legislation, only it in the federal judiciary has authority to reverse or modify a state court judgment; district courts are not so authorized. 263 U.S. at 416. In *Feldman*, the Court restated this rule but elaborated, in the factual context of that case, that a district court may litigate a case dealing with the constitutionality of state bar rules if its analysis does not "necessarily require [the district court] to review a final state court judgment in a judicial proceeding," but may "assess the validity of a rule promulgated in a non-judicial proceeding." 460 U.S. at 486.

As defendant argues, this Court recently stated,

> Under the *Rooker-Feldman* doctrine, federal courts are without jurisdiction to review state-court judgments or to address federal claims with allegations that are inextricably intertwined with a state-court decision. *Beaton v. Rent-A-Center, Inc.*, 312 F. Supp. 3d 772, 774 (E.D. Mo. 2018). A claim is inextricably intertwined if the relief requested "would effectively reverse the state court decision or void its ruling." *Id.* The doctrine is "implicated in that subset of cases where the losing party in a state court action subsequently complains about the judgment and seeks review and rejection of it." *Skit Intern., Ltd. v. DAC Tech. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007). In these types of cases, the injury stems directly from the state court judgment rather than from some separate injury caused by the defendant. *Id.* The doctrine applies where "(1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was rendered before the district court proceedings commenced." *Rechtzigel v. Mohrman & Kaardal, P.A.*, No. 15-4365 ADM/JSM, 2016 WL 1430016 at *1 (D. Minn. Apr. 11, 2016) (citing *Skit Intern.*, 487 F.3d at 1156-57).

*Decasual-Smith v. Territory of Missouri*, 2022 WL 2045894, at *3 (E. D. Mo. June 7, 2022).

4

Defendant argues that the *Rooker-Feldman* doctrine bars plaintiff's suit because it necessarily constitutes a collateral attack on a state court action in that it asks this Court to review and invalidate plaintiff's state court criminal judgment or seriously call it into question. It further argues the presumption of regularity in criminal cases bars plaintiff from attempting to attack the effects of his 1989 guilty conviction and that his self-serving factual allegations are not a remedy.

Plaintiff counters that he is not seeking relief from his 1989 Missouri conviction, which will continue to exist regardless of the outcome of this case. He contends he is not asking this Court to overturn or otherwise alter his conviction. Rather he alleges a violation of a federal statute, § 925A, seeking the relief provided by that statute based on the conduct of federal officials in placing his name in the NICS database even though he did not waive his rights to counsel or to a jury trial in the process of making his criminal guilty plea. Plaintiff cites *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016) and cases cited therein, in support of his argument that *Rooker-Feldman* does not apply. He asserts this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and/or 1346(a)(2). He contends § 925A provides a federal forum and remedy for him and others who are barred from obtaining firearms because the FBI wrongly placed them in the NICS.

This Court's ruling in *Decasual-Smith v. Territory of Missouri* does not require that plaintiff's suit be dismissed, because plaintiff is not seeking to reverse or modify the results of the proceeding that occurred in the state court judge's chambers. Rather, he seeks to avoid his alleged being barred from possessing firearms by virtue of 18 U.S.C. § 922(g)(9).

Under 28 U.S.C. § 1331, "[federal] district courts shall have original jurisdiction of all civil actions arising under the ... laws of the United States." Here, plaintiff's cause of action arises under 18 U.S.C. § 925A. Therefore this Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See generally Escamilla v. United States*, No. 21-510, 2022 WL 2657129, at *1 (E.D. Wis. July 8, 2022) (stating that the court had subject matter jurisdiction over plaintiff's § 925A action by reason of 28 U.S.C. § 1331). Likewise, under 28 U.S.C. § 1346(a)(2) "[federal] district courts shall have original jurisdiction . . . of: (2) [a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded upon . . . any Act of Congress." Here, plaintiff asserts a claim not exceeding $10,000 in amount against the United States under § 925A, an Act of Congress. Therefore, the Court also has subject matter jurisdiction under 28 U.S.C. § 1346(a)(2).

As stated, *Rooker-Feldman* prevents federal courts from deciding cases brought by litigants who lost in state court "complaining of injuries caused by state-court judgments

5

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Hageman v. Barton*, the Eighth Circuit explained the limited scope of the *Rooker Feldman* doctrine. 817 F.3d 611 (8th Cir. 2016). In that case plaintiff sued defendant in federal court under the Fair Debt Collection Practices Act. *Rooker-Feldman* "does not bar jurisdiction over actions alleging independent claims arising from conduct in underlying state proceedings." *Id.* at 614. Its application "depend[s] upon the nature of the federal claims and whether the plaintiff in federal court, in fact, seeks relief from the state court judgment." *Id.* "[T]he doctrine does not apply in federal cases that merely attack the legal conclusions of the state court without seeking relief from the state court judgment." *Id.*

Such is the case here. Plaintiff does not seek relief from his 1989 state court conviction, which will continue to exist regardless of the outcome of this case. Nor does he ask this Court to overturn or otherwise alter his conviction. Rather, he alleges a violation of a federal statute--18 U.S.C. § 925A--seeking the relief provided by that statute based on the conduct of federal officials in placing his name in the NICS database even though he allegedly did not waive his rights to counsel or to a jury trial in the process of making his criminal guilty plea.

Therefore, *Rooker-Feldman* does not apply, and this Court has original jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and/or 1346(a)(2).

### *Plaintiff's cause of action*

The government alternatively moves to dismiss for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6). It argues the presumption of regularity, which in short protects the finality of guilty pleas in a wide variety of situations, bars plaintiff from attempting to attack the effects of his 33-year old guilty plea conviction.

Plaintiff argues he has stated a plausible claim under § 925A. He argues the presumption of regularity does not justify dismissal at the pleading stage because he has pled facts giving rise to a plausible claim that his misdemeanor plea is not a qualifying MCDV. This Court agrees.

A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

6

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a complaint to state a plausible claim for relief requires the plaintiff to allege the circumstances of the alleged incident, and in reviewing the complaint the Court is required to draw upon its experience and common sense. *Id.* at 679. The Court must assume the well-pleaded facts are true, but the Court does not have to accept as true merely general statements about what the law requires or prohibits. *Id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough) (citing *Twombly*, 550 U.S. at 555).

Defendant invokes the rulings of the Fourth Circuit Court of Appeals in *United States v. Locke*, 932 F.3d 196 (4th Cir. 2019), and of the Eighth Circuit in *United States v. Coppage*, 772 F.3d 557 (8th Cir. 2014), in their applications of the presumption of regularity of state court proceedings. *Locke* is inapposite to this case, because in *Locke* the Court of Appeals ruled that Locke could not take advantage of 18 U.S.C. § 921(a)(33)(B)(i)(II)(bb) in his federal criminal prosecution because he was not entitled to a jury trial under the relevant law of Virginia. 932 F.3d at 199. Plaintiff Brush's entitlement to a jury trial for his misdemeanor assault conviction is not an issue ripe for disposition at this time. *Coppage* is also inapposite because there the Court of Appeals noted that Coppage argued that the record itself did not establish he had been provided with counsel or had waived his right to counsel. 772 F.3d at 560. That lack of proof on the issue is contraindicated by plaintiff Brush's corroborated description of the proceedings in the state court judge's chambers. The presumption of regularity in court proceedings, when its application is relevant, is a rebuttable presumption, subject to contrary evidence. *E.g., Parke v. Raley*, 506 U.S. 20, 31 (1992); *Salazar v. Sigler*, 441 F.2d 834, 836-37 (8th Cir. 1971); *Meller v. State of Missouri*, 438 S.W.2d 187, 192 (Mo. 1969).

In his amended complaint plaintiff asserts a plausible claim that he felt coerced into his misdemeanor plea without the benefit of counsel and without waiving his right to counsel or to a jury trial. He does not make bald assertions. He describes a sequence of events he alleges occurred that day off-the-record and in chambers. His allegations, including the alleged memory of his wife and the alleged absence of contradictory recollection by the prosecutor, do not rely on the silence of the case file but plausibly explain why the relevant documents never existed. Plaintiff has stated a claim under § 925A because he has alleged facts surrounding his misdemeanor plea which if true plausibly rebut the presumption of regularity when the Court reaches a merits review of the case. For this reason, plaintiff has stated a claim upon which relief can be granted.

### III.  CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant United States to dismiss plaintiff's First Amended Complaint **[Doc. 10] is DENIED.**

                                     /s/   David D. Noce
                        **UNITED STATES MAGISTRATE JUDGE**

Signed on October 26, 2022.