**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JAY BRIAN BRUSH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:22-CV-00032-DDN** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S ANSWER AND DEFENSES**
**TO FIRST AMENDED COMPLAINT**

**COMES NOW** the United States of America, by and through its undersigned counsel, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Shane K. Blank, Assistant United States Attorney for said District, and for its Answer and Defenses to Plaintiff's First Amended Complaint, ECF #10, states as follows:

**ANSWERS TO EACH FACTUAL ALLEGATION OF THE COMPLAINT**

1.      The United States admits the allegations in Paragraph 1 of the First Amended Complaint alleging Plaintiff brings claims under 18 U.S.C. § 925A, but denies all further allegations as mere legal conclusions.

2.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the First Amended Complaint.

3.      The United States admits the allegations in Paragraph 3 of the First Amended Complaint.

4.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the First Amended Complaint—particularly whether, indeed, Plaintiff is "domiciled in Missouri."

1

5.      The United States denies the allegations in Paragraph 5 of the First Amended Complaint. **The Court does not have subject-matter jurisdiction over this action, as barred by the *Rooker-Feldman* Doctrine**. S*ee Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Plaintiff seeks to have the Court declare a state court in Missouri wrongly handled aspects of his underlying Misdemeanor Crime of Domestic Violence (MCDV) conviction from 1989. However, as the Eighth Circuit has explained, "[f]ederal claims are inextricably intertwined with state-court claims"—for purposes of applying the *Rooker-Feldman* Doctrine—"if the federal claims can succeed only to the extent the state court wrongly decided the issues before it." *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011). That's result is unavoidable in this case, and therefore the *Rooker-Feldman* Doctrine applies.

6.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the First Amended Complaint—particularly whether, indeed, Plaintiff "resides in this District and Division thereof."

7.      The United States admits the allegations in Paragraph 7 of the First Amended Complaint.

8.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the First Amended Complaint—there is no independent basis to know how or from who Plaintiff attempted to purchase a firearm in January 2019.

9.      The United States admits the allegations in Paragraph 9 of the First Amended Complaint.

10.     The United States admits the allegations in Paragraph 10 of the First Amended Complaint.

11.     The United States lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 11 of the First Amended Complaint alleging Plaintiff attempted, through state law, to expunge his criminal record. The United States denies the rest of Paragraph 11 of the First Amended Complaint, which raises mere legal conclusions.

12.     The United States admits the allegations in Paragraph 12 of the First Amended Complaint.

13.     The United States admits the allegations in Paragraph 13 of the First Amended Complaint.

14.     The United States denies the allegations in Paragraph 14 of the First Amended Complaint as mere legal conclusions.

15.     The United States denies the allegations in Paragraph 15 of the First Amended Complaint as mere legal conclusions while noting 18 U.S.C. § 921(a)(33)(B) speaks for itself.

16.     The United States denies the allegations in Paragraph 16 of the First Amended Complaint as mere legal conclusions. Mere conclusions that Plaintiff was not read and did not waive his rights to counsel and trial cannot overcome the "strong presumption" of regularity of guilty pleas. *United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019).

17.     The United States admits the allegations in Paragraph 17 of the First Amended Complaint alleging that a certified copy of the full state court file has been attached as an exhibit and further admits that this state court files does not suggest, one way or another, whether Plaintiff was read his rights to counsel and trial. The United States denies the rest of Paragraph 17 of the First Amended Complaint.

18.     The United States denies the allegations in Paragraph 18 of the First Amended Complaint.

19.     The United States lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 19 of the First Amended Complaint.

20.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the First Amended Complaint.

21.     The United States admits the allegations in Paragraph 21 of the First Amended Complaint alleging the state court judge—the Honorable John E. Luther—has since died following the 1989 MCDV conviction. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the First Amended Complaint alleging specifics about the state court prosecutor's recollection of the 1989 MCDV conviction.

22.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the First Amended Complaint

23.     The United States denies the allegations in Paragraph 23 of the First Amended Complaint

24.     The United States denies the allegations in Paragraph 24 of the First Amended Complaint that the "FBI [made a] mistake." The United States admits the allegations in Paragraph 24 of the First Amended Complaint that Plaintiff is prohibited from purchasing a firearm.

25.     The United States admits the allegations in Paragraph 25 of the First Amended Complaint alleging Plaintiff seeks declaratory relief under 28 U.S.C. § 2201, but denies all further allegations as mere legal conclusions.

### DEFENSES

1.     **This Court Lacks Subject-Matter Jurisdiction Under the U.S. Supreme Court's *Rooker-Feldman* Doctrine**. Plaintiff cannot purchase a firearm because his 1989 state court conviction qualifies as an MCDV. *See* 18 U.S.C. § 922(g)(9). He, therefore, proceeds to attack procedural aspects of his 1989 state court conviction: the failure of the state court to properly

4

advise him (and gain waiver of) his rights to counsel and trial under Missouri Rule 24.02(b). Ordinarily, Plaintiff should have directly appealed this "trial court error" to the Missouri Court of Appeals and then, as necessary, to the Missouri Supreme Court. *Osborn v. State*, 370 S.W.3d 324, 328 (Mo. App. S.D. 2012); *see also Coates v. State*, 939 S.W.2d 912, 915 (Mo. banc. 1997) (finding challenges under Rule 24.02(b) were "not cognizable in this appeal" because defendant "failed to raise it as a grounds for relief"). Thereafter, if Defendant was in custody and unhappy with state results, he could have sought federal relief under 28 U.S.C. § 2254. *See Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 810 (6th Cir. 2012) ("Habeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort."). If the delay was long enough that Defendant was released from a period of incarceration (or served no incarceration period), his final "hail marry pass" at the federal level would be to seek a writ of *coram nobis*. *See United States v. Morgan*, 346 U.S. 502, 512 (1954) (concluding a writ of *coram nobis* is the proper vehicle for seeking relief from a conviction that purportedly failed to gain a proper waiver of the right to counsel); *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (discussing writ of *coram nobis* as a "hail marry pass"). "An action for *coram nobis*" is sought to "invalidate a judgment that is having a collateral effect" on some other aspect of the defendant's life—given the fact that the primary punishment of a conviction, *i.e.* incarceration, has already transpired. *Hicks v. Duckworth*, 856 F.2d 934, 935 (7th Cir. 1988) (Posner, J.) (cleaned up). However, even in the context of an action in *coram nobis*, federal courts "lack jurisdiction to consider a defendant's contentions of error in the proceedings before a state court" under the *Rooker-Feldman* Doctrine. *Jensen v. Utah Court of Appeals*, 525 Fed. App'x 678, 680 (10th Cir. 2013); *accord Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462

(1983). Here, Plaintiff avoids the issue of a *coram nobis* action running into the jurisdictional wall of *Rooker-Feldman* by, instead, couching his action as one purely under 18 U.S.C. § 925A—in Plaintiff's view, he's merely asking that "erroneous information be corrected" so that he can purchase a firearm. Thus, in his view, he is not seeking to "disturb" the 1989 MCDV conviction. And this Court, thus far, has agreed: "Plaintiff does not seek relief from his 1989 state court conviction, which will continue to exist regardless of the outcome of this case." ECF #24, p. 6. But, the 1989 state court conviction cannot "continue to exist" because, as a practical matter, it has already been expunged under state law—notwithstanding the fact that its collateral effects remain. *See* First Am. Compl., ¶ 11 (noting the state conviction was expunged); *see also* ECF #14, p. 3 (explaining how expungement under MO. REV. STAT. 610.140 does not eliminate the full effects of the conviction for purposes of federal law). Thus, the only thing left to do is to attack the effects of the state conviction so as to lift its MCDV status off Plaintiff's shoulders; and, to do so, Plaintiff needs to fully uproot the state court conviction by attacking the state court judge's purported errors in failing to advise Plaintiff of his rights to counsel and trial under Missouri rule 24.02(b). Plaintiff, in short, asks this Court to go a step further than even what expungement failed to accomplish. This effort to use a federal Section 925A claim to second-guess a state court judge and his criminal judgment plainly runs afoul of *Rooker-Feldman*; the federal claim and the state action are inextricably intertwined to each other. To wit, the Eighth Circuit has explained: "[f]ederal claims are inextricably intertwined with state-court claims"—for purposes of applying the *Rooker-Feldman* Doctrine—"***if the federal claims can succeed only to the extent the state court wrongly decided the issues before it***." *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011) (emphasis added). Here, this Court is being asked to decide that the state court got it wrong, and in doing so relieve Plaintiff's MCDV status under Section 925A. This is the very manifestation of what the *Rooker-Feldman* Doctrine prohibits. Thus, this Court lacks subject-matter jurisdiction.

2.      **The Complaint Fails to State a Claim Under Rule 12(b)(6).** There is a strong presumption of regularity in guilty pleas. *See United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019). In fact, "the principle of finality bears extra weight and carries special force" in the situation of guilty pleas—even in the face of questions regarding whether there was an effective waiver of a constitutional right. *Id.*; *see also United States v. Coppage*, 772 F.3d 557 (8th Cir. 2014) (A "presumption of regularity … attaches to final judgments, even when the question is waiver of constitutional rights."). The only evidence Plaintiff ultimately has that he did not waive his rights to counsel and trial is his, and his wife's, self-serving testimony that it "didn't happen" based on their recollection of something that transpired more than 30 years ago. Yet, Plaintiff must ***plausibly*** allege a claim—it is not enough to simply "infer the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (noting plaintiff must "nudge their claim across the line from conceivable to plausible"). Here, Plaintiff does nothing more than raise the mere possibility of misconduct by the state court. Foremost, Plaintiff cannot rely on self-serving statements to create an issue of fact; indeed, "it is black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion." *Keiran v. Home Capital, Inc*., 858 F.3d 1127, 1132 (8th Cir. 2017); *Smith v. Golden China of Red Wing, Inc*., 987 F.3d 1205, 1209 (8th Cir. 2021) (same). Secondly, Plaintiff's allegations are little more than "naked assertions" that do not, alone, create a plausible claim. *Gonzalez v. Trevino*, 42 F.4th 487, 491 (5th Cir. 2022) ("[A] complaint's naked assertions devoid of further factual enhancement will not suffice, and courts are not bound to accept as true a legal conclusion couched as a factual allegation."); *Einhorn v. Axogen, Inc*., 42 F.4th 1218, 1222 (11th Cir. 2022) ("Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal."). Thus,

Plaintiff's claims fail the dictates of *Twombly* and *Iqbal* and thus fail to satisfy Rule 12(b)(6).

3. **Plaintiff Waived His Ability to Contest the Issue of Whether He Was Fully Apprised of His Rights to Counsel and Trial by the State Court**. Plaintiff did not directly appeal his 1989 MCDV conviction for any alleged violations of Missouri Rules 24.02(b) and 27.01(b) on the issue of being advised of his rights to counsel and trial. Thus, he waived any such issues.  To be sure, "the trial court's alleged noncompliance with Rule 27.01(b) in assenting to the jury trial waiver [or waiver of counsel]" is a "trial court error" that must be raised on "direct appeal." *Osborn v. State*, 370 S.W.3d 324, 328 (Mo. App. S.D. 2012); *see also Coates v. State*, 939 S.W.2d 912, 915 (Mo. banc. 1997) (finding challenges under Rule 24.02(b) were "not cognizable in this appeal" because defendant "failed to raise it as a grounds for relief").

4. **The Doctrine of Laches Applies to Plaintiff's 32-Year-Old Attack on a State Court Judgment**: As of the date of the First Amended Complaint, Plaintiff waited 32 years, 10 month, and 12 days to assert that the state court erred in his 1989 MCDV conviction proceedings by failing to advise him of his rights to counsel and trial. Plaintiff must supplant his 1989 MCDV conviction in order to clear the legal obstacles barring gun ownership. The Supreme Court has said that the appropriate method of attacking a prior conviction, once defendant is no longer in custody, on issues such as the proper waiver of the right to counsel is through a writ of *coram nobis*. *See United States v. Morgan*, 346 U.S. 502, 512 (1954). Of course, prolonged delay can make judicial review quite difficult; indeed, it is not surprising that the state court does not have—many years later—some of the key documents or witnesses available that would potentially explained what happened relative to the Rule 24.02(b) plea colloquy that should have taken place on September 28, 1989. Thus, having waited more than three decades, Plaintiff cannot now complain under a proper application of the Laches Doctrine. *See Rodriguez–Lugo v. United States*, 458 Fed.Appx.

688 (9th Cir. 2011) (affirming dismissal of *coram nobis* petition because, given petitioner's delay in filing a petition in 2009 to challenge his 1979 guilty plea, it was barred by laches); *Foont v. United States*, 93 F.3d 76 (2d Cir. 1996) (affirming dismissal of *coram nobis* petition without reaching the merits because the district court did not abuse its discretion in finding that petitioner failed to demonstrate sound reasons for his five–year delay in seeking the writ).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ *Shane K. Blank*
SHANE K. BLANK, #65787MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200
shane.blank@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on Tuesday, November 8, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record for Plaintiff.

/s/ *Shane K. Blank*
SHANE K. BLANK
Assistant United States Attorney