UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **JAY BRIAN BRUSH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 2:22-CV-00032-DDN |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Defendant.** | ) |

**CONSENSUAL MOTION FOR PROTECTIVE ORDER**

**COMES NOW**, the United States of America ("Defendant"), by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Shane K. Blank, Assistant United States Attorney for said District, and for its Motion for Protective Order, states as follows:

1. Disclosure and discovery activity in this case is likely to involve production of confidential, proprietary, and/or private information for which special protection from public discovery and from use for any purpose other than litigating this case may be warranted. Accordingly, Defendant motions this Court to enter a protective order as encompassed by the attached Proposed Protective Order, **EXHIBIT A**.[1]

2. Rule 26(c) of the Federal Rules of Civil Procedure governs the standard for which this Court may enter a protective order, generally requiring that "good cause" be shown. *See* FED. R. CIV. P. 26(c) ("the court may, for good cause, issue an order to protect a party or person from

---

[1] Defendant acknowledges a protective order, if entered, does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or documents that are entitled to confidentiality. Further, Defendant acknowledge a protective order, if entered, does not entitle a party to file confidential information under seal; rather, Local Rule 13.05 must still be followed in governing the standards for filing information under seal in this Court.

1

annoyance, embarrassment, oppression, or undue burden or expense"); *see also Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1202 (8th Cir. 2015) (noting the district court's discretion for entering a protective order where "good cause" is shown or otherwise obvious).

3. Good cause is routinely shown when a party seeks government documents that implicate the disclosure protections and review limitations of various federal statutes and/or regulations—such as 5 U.S.C. § 552a (The Privacy Act), 5 U.S.C. § 706 (The Administrative Procedures Act), 18 U.S.C. § 1905 (The Trade Secrets Act) 42 U.S.C. § 1306 (HIPAA), 45 C.F.R. §§ 164.102-164.534 (Implementing Regulations of the Department of Health and Human Services). *See, e.g., In Re Terrorist Attacks on Sept 11*, 2001, 2022 WL 4642478 at *3 (S.D.N.Y. Sept. 21, 2022) (protecting FBI documents pursuant to Section 552a); *Chayapathy v. Renaud*, 2021 WL 1561407 (N.D. Tex. Apr. 21, 2021) (protecting USCIS documents from discovery under the APA until a review of the administrative record could be completed); *Agility Public Warehousing Co. v. Dept. of Defense*, 110 F.Supp.3d 215, 229 (D.D.C. 2015) (noting the ability of the court, through a protective order, to order the limited disclosure of information under Section 1905). Here, Plaintiff seeks various FBI, DOJ, and ATF files that plainly invoke various aspects of these statutes, raising concerns about disclosure authorization, the burden of redacting a multitude of documents, and preventing inadvertent public dissemination of private and/or personal identifying information—all of which can be ameliorated through application of Rule 26(c)(1)'s limiting mechanisms.

4. Rule 26(c)—as well as Local Rule 3.04(A)—also imposes a meet-and-confer requirement on the parties prior to the filing of any discovery-related motion so as to better "tailor discovery to the needs of the case." *Sanford v. K&B Transportation, Inc.*, 2021 WL 4552206 at *4 (E.D. Mo. Oct. 5, 2021). Defendant has conferred with Plaintiff about the entry of a protective order, for which Plaintiff agrees to the terms described herein and in **EXHIBIT A**.

**WHEREFORE**, Defendant respectfully asks this Court to enter a Protective Order, as proposed in EXHIBIT A attached to this Motion, specifying and limiting the disclosure of information and documentation in this case.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ *Shane K. Blank*
SHANE K. BLANK, #65787MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200
shane.blank@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on Wednesday, November 30, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record for Plaintiff.

/s/ *Shane K. Blank*
SHANE K. BLANK
Assistant United States Attorney