UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAY BRIAN BRUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-CV-00032-DDN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MEMORANDUM OF LAW
### IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Shane K. Blank, Assistant United States Attorney for said District, and for its Memorandum of in Opposition to Plaintiff's Cross-Motion for Summary Judgment, states as follows:

The parties have filed cross-motions for summary judgment in this case. In that posture, Defendant will refrain from retreading ground—and, instead, relies predominantly on its own Memorandum of Law in Support of its Motion for Summary Judgment. *See* ECF #39.

That said, cross-motions for summary judgment "do not necessarily indicate that there is no dispute as to a material fact, nor do they have the effect of submitting the cause to a plenary determination on the merits." *Wermager v. Cormorant Tp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983) (cleaned up). Here, however, there is no counterfactual—and so a plenary determination might be all that is available to the parties, particularly Defendant.

To be sure, this is a case of Defendant relying on well-entrenched legal presumptions on the one hand and Plaintiff relying on decades-old, self-serving memories on the other. There is no middle ground of evidence to indulge—the court file is silent and third parties are either deceased

1

or can't recall what happened. So, in sum, Plaintiff wants this Court to find that some 33 years ago a state court failed to secure a waiver of his rights to trial and counsel—and his only evidence is his memory thereof. Whereas, Defendant vigorously asserts that the strong presumption of regularity in plea agreements cannot be punctured by such simple, decades-old recollections. *See Parke v. Raley*, 506 U.S. 20, 29-30 (1992); *United States v. Locke*, 932 F.3d 196 (4th Cir. 2019).

It bears emphasizing at this point: "guilty pleas are protected by a ***strong presumption*** of regularity." *Locke*, 932 F.3d at 199 (emphasis added). Those words mean something—they have a tangible bite—for indeed the presumption "is not easily overcome." *Id*. at 200. But, what does this mean in practice? The U.S. Supreme Court gives the answer:

> **Respondent, by definition, collaterally attacked his previous convictions; he sought to deprive them of their normal force and effect in a proceeding that had an independent purpose other than to overturn the prior judgments.**
> …
> There is no good reason to suspend the presumption of regularity here. This is not a case in which an extant transcript is suspiciously 'silent' on the question whether the defendant waived constitutional rights. Evidently, no transcripts or other records of the earlier plea colloquies exist at all.
> …
> On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights.
> Respondent argues that imposing even a burden of production on him is fundamentally unfair because 'a constitutionally protected right is in question.' …
> **Our precedents make clear, however, that even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant**.
> …
> Respondent also contends that [] it may be difficult to prove the invalidity of a conviction entered many years ago, perhaps in another jurisdiction, when records are unavailable and witnesses inaccessible. We have little doubt that serious practical difficulties will confront any party assigned an evidentiary burden in such circumstances. [But], when a defendant challenges the validity of a previous guilty plea, the government will not invariably, or perhaps even usually, have superior access to evidence. … [T]he defendant may be the only witness who was actually present at the earlier proceeding. If raising a *Boykin* claim and pointing to a missing record suffices to place the entire burden of proof on the government, the

> prosecution will not infrequently be forced to expend considerable effort and expense attempting to reconstruct records from far-flung States where procedures are unfamiliar and memories unreliable. To the extent that the government fails to carry its burden due to the staleness or unavailability of evidence, of course, its legitimate interest in differentially punishing repeat offenders is compromised. In light of the relative positions of the defendant and the prosecution in recidivism proceedings, **we cannot say that it is fundamentally unfair to place at least a burden of production on the defendant**.

*Parke*, 506 U.S. at 31-32 (emphasis added).

Three things come of *Parke*'s analysis:

(1) Plaintiff's case is ***invariably a collateral attack on a state conviction***—an attack, as *Parke* explain, on a conviction's force and effect in a proceeding having a purpose other than to outright overturn the conviction—and it is, therefore, barred under the *Rooker-Feldman* Doctrine as Defendant has repeatedly urged. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (Rooker-Feldman Doctrine "directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments"). **<u>This very Court has held as much, which cannot be meaningfully distinguished from the present case</u>**. *See Spector v. Accredited Home Loans, Inc.*, 2020 WL 1513368 at *3 (E.D. Mo. Mar. 30, 2020) (Clark, J.) (holding that *Rooker-Feldman* Doctrine applied to Plaintiff's claim for wrongful foreclosure where Plaintiff "lost in state court" and, "although he does not explicitly challenge the state court's judgment," he nonetheless "complains of injuries caused by the state court's findings of fact and conclusions of law and invites district-court review of that judgment").[1]

---

[1] In *Parke*, a federal district court was able to look at the case because it came as a *habeas corpus* petition—an exception to *Rooker-Feldman*'s application. *Wills v. Encompass Ins. Co.,* 47 F.4th 900, 903 n.2 (8th Cir. 2022) ("The *Rooker-Feldman* doctrine provides that, with the exception of *habeas corpus* petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments.").

(2) A ***burden of production*** is placed upon Plaintiff to overcome the presumption of regularity, and nothing about *Parke*'s analysis suggests a self-serving affidavit suffice. To the contrary, "it is black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion." *Keiran v. Home Capital, Inc.*, 858 F.3d 1127, 1132 (8th Cir. 2017); *Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) (same). Thus, Defendant's own summary judgment motion rests on a strong presumption of regularity that, judged on its own merits, cannot be defeated simply by Plaintiff's self-serving recollections styled into a cross-motion for summary judgment.

(3) A ***burden of persuasion*** is also placed upon Plaintiff to overcome the presumption of regularity and, once again, nothing about *Parke*'s analysis suggests a self-serving affidavit suffices. In *Locke*, the Fourth Circuit Court of Appeals was unconvinced that a party's attorney's recollection of what transpired was enough to penetrate the presumption of regularity. 932 F.3d at 201. It is even more suspect that this Court should rely on Plaintiff and his wife's recollections, which are more self-interested than an officer of the court. Again, the strong presumption of regularity is not so easily defeated—and, as such, Plaintiff cannot carry his burden of persuasion on memory alone.

These three principles are enough to dispel this case. Foremost, this case should be dismissed because the *Rooker-Feldman* Doctrine demands it. Thus far, this Court's analysis is contrary to its own precedent on that point—and should be corrected to prevent a split of authority within its own halls. *Compare Brush v. United States*, 2022 WL 14805539 at *4 (E.D. Mo. Oct. 26, 2022) (Noce, J.) ("The doctrine does not apply in federal cases that merely attack the legal

conclusions of the state court without seeking relief from the state court judgment. Such is the case here. Plaintiff does not seek relief from his 1989 state court conviction, which will continue to exist regardless of the outcome of this case. Nor does he ask this Court to overturn or otherwise alter his conviction. Rather, he alleges a violation of a federal statute—18 U.S.C. § 925A—seeking the relief provided by that statute *based on the conduct of federal officials in placing his name in the NICS database even though he allegedly did not waive his rights to counsel or to a jury trial in the process of making his criminal guilty plea*." (emphasis added)); *with Spector v. Accredited Home Loans, Inc*., 2020 WL 1513368 at *3 (E.D. Mo. Mar. 30, 2020) (Clark, J.) ("The *Rooker-Feldman* doctrine applies to Spector's claim for wrongful foreclosure. Spector lost in state court on his claims for wrongful foreclosure and the state court judgment was entered before these proceedings commenced. *Although he does not explicitly challenge the state court's judgment in his Amended Complaint, he complains of injuries caused by the state court's findings of fact and conclusions of law in its judgment and invites district-court review of that judgment*. *Some examples of this from the Amended Complaint that directly challenge the findings of the state court include*: [examples provided]") (emphasis added)). In addition, this Court must hold that the strong presumption of regularity in guilty pleas cannot be defeated—years, even decades later—upon the self-serving recollections of the criminal defendant and his family. *Parke*'s discussion of a burden of production and burden of persuasion would mean nothing if this were allowed. And, beyond that point, the Eighth Circuit does not permit self-serving affidavits to carry claims in the first place.

      At bottom, Defendant strongly urges this Court to take the position of Judge Clark in *Spector*: this Court is not permitted to entertain a case that complains of injuries caused by a state court judgment that invariably seeks to review that judgment. That is what is transpiring here, even

5

if Plaintiff is not technically asking the state court judgment to be lifted. And so, *Spector*'s analysis should carry the day.

**WHEREFORE**, the United States asks this Court to dismiss this case for lack of subject-matter jurisdiction or, in the alternative, grant summary judgment in its favor finding there is no genuine dispute of material fact.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ *Shane K. Blank*
SHANE K. BLANK, #65787MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200
shane.blank@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on Wednesday, December 14, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record for Plaintiff.

/s/ *Shane K. Blank*
SHANE K. BLANK
Assistant United States Attorney