UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAY BRIAN BRUSH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2: 22 CV 32 DDN |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on cross-motions for summary judgment. The Court grants the motion of plaintiff Jay Brian Brush and denies that of defendant United States. Judgment is entered in favor of plaintiff.

The Court has subject matter jurisdiction granted by 28 U.S.C. § 1331 for plaintiff's claim which is based on 18 U.S.C. § 925A. *See* Doc. 24. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 that he is not prohibited by federal law from possessing firearms or ammunition. Plaintiff also seeks an award of reasonable attorney's fees and expenses. (Doc. 10.)

## I. BACKGROUND

Plaintiff alleges the following in his First Amended Complaint. On September 28, 1989, he pled guilty to a misdemeanor, assault third degree under § 565.070 R.S.Mo., in the Circuit Court of Scotland County, Missouri ("misdemeanor assault conviction"). He "has no other criminal pleas of guilt." (*Id.* at 2.) In January 2019, plaintiff attempted to purchase firearms on the internet from a firearms company in South Carolina. The firearms were sent to a federal firearms licensee who on January 19, 2019, required plaintiff to submit to a background check using ATF form 4473. On January 21, 2019, the sale transaction was denied because his misdemeanor assault conviction was misclassified as a

"misdemeanor crime of domestic violence" under 18 U.S.C. §§ 921(a)(33) and 922(g)(9), in spite of the fact that under § 610.140 R.S.Mo. he had had the record of his misdemeanor assault conviction expunged.

Plaintiff further alleges that in September 2019 he attempted again to purchase firearms from the same federal licensee who again required him to submit a Form 4473, which he did. On November 8, 2019, he received a letter from the Federal Bureau of Investigation reaffirming its denial of plaintiff's right to possess or receive a firearm under §§ 921(a)(33) and 922(g)(9), because he had been convicted of a "misdemeanor crime of domestic violence." He alleges that under §§ 921(a)(33) and 922(g)(9) his misdemeanor assault conviction does not disqualify him from possessing a firearm because, during the state court proceeding in which he pled guilty to the misdemeanor assault, he was not represented by counsel, he was entitled to a jury trial, and he did not waive either his right to counsel or his right to a jury trial. He seeks a declaratory judgment that he is not prohibited under federal law from receiving or possessing a firearm or ammunition.

On October 26, 2022, this Court denied the government's motion to dismiss plaintiff's First Amended Complaint under the *Rooker-Feldman* doctrine or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 24.) Soon thereafter, the Court denied the government's motion for reconsideration of that decision.

Both parties have moved for summary judgment.

## II.  MERITS DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On summary judgment, this court views all evidence and reasonable inferences most favorably to the non-moving party. *Meier v. St. Louis*, 934 F.3d 824, 827 (8th Cir.

2019).  When deciding a motion for summary judgment, courts cannot weigh evidence or make credibility determinations. *Anderson,* 477 U.S. at 255.

### Government's Motion for Summary Judgment

The United States moves for summary judgment on the same grounds it set forth in its motions to dismiss and for reconsideration.  It argues the case should be dismissed because the Court lacks subject-matter jurisdiction to review and criticize the Scotland County, Missouri, circuit court proceeding which is involved with his misdemeanor assault conviction.  It argues that even if subject-matter jurisdiction exists, plaintiff's claim is barred by: (1) the strong presumption of regularity in judicial proceedings;  (2) the fact that plaintiff waived the issue of compliance with Missouri Supreme Court Rule 24.02(b) by not seeking a direct appeal in 1989; and (3) the doctrine of laches, which should prohibit plaintiff from attacking a judicial proceeding some 32 years later.  In support of its motion, the government submitted the deposition transcript of the Honorable Gary Dial who was the prosecuting attorney in plaintiff's Scotland County case in 1989.  The government acknowledges that this is the third time in a relatively short period that it has raised a lack of subject matter jurisdiction and that the Court may decide to address the merits of plaintiff's claim without further consideration of jurisdiction.

Plaintiff counters that the government's renewed subject matter jurisdiction challenge fails because it is procedurally defective on a motion for summary judgment, and reconsideration is unwarranted.  He argues the government's waiver and laches defenses fail because they are not supported by caselaw and disregard relevant facts.

As stated, the government's motion for summary judgment restates the arguments it made in its motion to dismiss.  The Court construes the government's motion for summary judgment as a second motion for reconsideration of its motion to dismiss. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  However, a motion for reconsideration "is not a vehicle for simple

3

reargument on the merits." *Broadway*, 193 F.3d at 990. If a party does no more than present the same argument again, that is enough to deny the motion. *Id.*

The Court confirms its ruling of October 26, 2022, that the principle of the *Rooker-Feldman* doctrine does not apply to limit this Court's federal question subject matter jurisdiction under § 1331. This is because Congress specifically granted this Court authority in 18 U.S.C. § 925A to consider plaintiff's claim and because this Court's judgment on the matter will not in any way affect the existence of plaintiff's state court conviction judgment.

The additional cases cited by the government in support of its argument are distinguishable. In *Spector v. Accredited Home Loans, Inc.*, 2020 WL 1513368 at *3 (E.D. Mo. Mar. 30, 2020) (Clark, C.J.), the plaintiff lost his claims for wrongful foreclosure in state court and complained of injuries caused by the state court findings, asking the district court to review that judgment. The court dismissed the claim for lack of subject matter jurisdiction on the basis that *Rooker-Feldman* barred it from hearing plaintiff's wrongful foreclosure claim. However, that case was not brought under § 925A, involving a separate federal statutory cause of action.

Likewise, *McFarland v. St. Louis Family Court Division,* 2021 WL 4439260 (E.D. Mo. Sept. 28, 2021) (Perry, J.), is not analogous and does not support the government's theory. That case involved a pro se plaintiff who sued the county government in federal court alleging the state court erred in granting his wife an order of protection against him and giving his wife custody of their children and possession of their home. The district court dismissed the case for lack of subject matter jurisdiction holding plaintiff failed to raise a federal question or demonstrate diversity. In addition to those grounds for dismissal, the court noted it lacked subject matter jurisdiction based on *Rooker-Feldman* because plaintiff explicitly asked for the state court order to be reversed and sought relief from that judgment, in effect asking the district court to act as a direct appellate court, which Judge Perry declined to do for lack of such authority. Here, plaintiff Brush does not seek relief from his misdemeanor assault conviction. Rather he alleges a violation of a federal stature based on the conduct of federal officials in placing his name in the NICS database even

4

though he did not waive his rights to counsel or to a jury in the process of making his criminal guilty plea.

*Parke v. Raley*, 506 U.S. 20 (1992), involved a federal habeas petition, and was not brought under § 925A.  The Court held that there was no good reason to suspend the presumption of regularity where the circumstances of a missing or nonexistent record was not atypical, particularly when the prior conviction is several years old.  It went on to say that the presumption of regularity in court proceedings, when its application is relevant, is a rebuttable presumption, subject to contrary evidence, *Id.* at 31, which is precisely the case here.

Finally*, Enos v. Holder,* 855 F.Supp.2d 1088, 1094 (E.D. Ca. 2012), was brought under § 925A and California law.  The Court noted in dicta that plaintiff had cited no authority for the proposition that in a civil § 925A proceeding, the court would have jurisdiction to determine that an individual's waiver of his or her right to a jury trial that was made in a state criminal proceeding was not knowing and intelligent.  Discussing California law, the district court rejected plaintiffs' allegations that they were unable to make a knowing and intelligent waiver of their right to a jury trial because they were not apprised of the possibility of losing their right to possess a firearm and because a criminal defendant must only be advised of the direct consequences of the conviction, and not secondary, indirect, or collateral consequences.  The district court noted that § 922(g)(9) had not yet even been enacted, and California law did not require plaintiffs to be advised of future unanticipated changes in the law.  *Id.* at 1094-95.  *Enos* is inapposite because the dicta cited by the government is not binding on this Court and the case is not factually analogous.

The government next argues that the equitable doctrines of waiver and laches bar plaintiff's claim because he should have filed a direct appeal of his state court conviction or sought *coram nobus* relief years earlier.  Plaintiff contends this argument is not supported by case authority.  The Court agrees.

It is axiomatic that the timeliness of plaintiff's action depends upon when he was injured under § 925A, not whether he might have challenged his conviction earlier in a

5

different type of action. It is undisputed that plaintiff first became aware that the government had prevented him from obtaining a firearm in 2019 when his application to purchase one was denied. (RSUMF ¶¶ 2-6.) Further, the government did not plead a statute of limitations defense, implicitly agreeing that plaintiff's claim is timely from this perspective. To the extent the government is suggesting that plaintiff waited over 30 years to pursue his § 925A claim, the suggestion is misplaced. Section 925A did not exist until its enactment in 1993, four years after plaintiff's conviction in 1989. *See* 18 U.S.C. § 925A (enacted Nov. 30, 1993.)

The cases cited by the government in support of its timeliness argument are not on point. Neither *Smith v. United States*, 2021 WL 5216907 (D. Minn. Nov. 9, 2021), nor *Van Der Hule v. Holder*, 2009 WL 10651037 (D. Mont. Sept. 15, 2009), involve a waiver defense or apply the doctrine of laches. The government's motion based on the grounds of waiver and laches is denied.

Based on all of the above, the government's motion for summary judgment is denied.

**Plaintiff's Motion for Summary Judgment**

Plaintiff moves for summary judgment on the grounds that that the uncontroverted material facts demonstrate that his state court misdemeanor assault conviction is not a disqualifying "misdemeanor crime of domestic violence" under federal law because he was *pro se*, had a right to a jury trial under Missouri law, and did not knowingly and intelligently waive his rights to counsel or to a jury. Plaintiff submitted the following evidence in support of his motion: the state court case file ("Court File"); the declaration of plaintiff; ATF Form 4473; FBI correspondence; the declaration of plaintiff's wife, Samantha Brush; deposition excerpts of Gary Dial; and ATF Form 4473.

The evidence proffered by plaintiff unequivocally reveals the following. On September 28, 1989, plaintiff pled guilty to a misdemeanor, *i.e.*, assault third degree under § 565.070 R.S.Mo., in the Circuit Court of Scotland County, Missouri. (Exh. 1, Court File.)

In January 2019, plaintiff attempted to purchase firearms on the internet from a firearms company in South Carolina. (Exh. 2, Declaration of Jay Brush, ¶ 2.) The firearms

were sent to a federal firearms licensee, who on January 19, 2019, required plaintiff to submit to a background check using Form 4473.  (Exh. 3, Jay Brush Declaration, ¶ 3); Form 4473.) On January 21, 2019, the sale transaction was denied because plaintiff's state court misdemeanor assault conviction was classified as a "misdemeanor crime of domestic violence" under 18 U.S.C. §§ 921(a)(33) and 922(g)(9).  (Exh. 2, Jay Brush Declaration, ¶ 4.)  In September 2019, plaintiff attempted again to purchase the same firearms from the same federal licensee who again required that he submit a Form 4473, which he did.  ( Exh. 2, Jay Brush Declaration, ¶ 5.; Exh. 8, Form 4473.)

On or about November 8, 2019, plaintiff received a letter from the Federal Bureau of Investigation reaffirming the FBI's denial of plaintiff's right to possess or receive a firearm under §§ 921(a)(33) and 922(g)(9) because he had been convicted of a "misdemeanor crime of domestic violence."  (Exh. 3, Jay Brush Declaration, ¶ 6; Exh. 4, Letter from FBI dated November 8, 2019.)

During the state court proceeding in which plaintiff pled guilty to the misdemeanor assault, he was not represented by counsel. (Exh. 2, Jay Brush Declaration, ¶ 7; Exh. 5, Declaration of Samantha Brush; Exh. 1, Court File.)  Plaintiff, who was charged with assault third degree under § 565.070 RSMo., was entitled to a jury trial under Missouri law.  (*See* Mo. Const. art. 1, s. 18(a); Missouri Supreme Court Rule 27.01 (effective 1980); § 543.200 RSMo. (amended 1978, effective 1979).)   Plaintiff had no prior experience in the criminal justice system, had never hired a criminal lawyer, and was not independently aware of his right to counsel or to a jury trial. (Exh. 2, Jay Brush Declaration, ¶¶ 8 and 9.)  The proceeding was not on-the-record or recorded and did not take place in a courtroom.  (Exh. 2, Jay Brush Declaration, ¶ 10-11; Exh. 5, Samantha Brush Declaration, ¶ 3-4, Exh. 1, Court File.)  The only persons present at the proceeding were the judge, the prosecutor, plaintiff, and his wife, Samantha Brush. (Exh. *2,* Jay Brush Declaration, ¶ 12; Exh. 5, Samantha Brush Declaration, ¶ 5.)  Plaintiff was not provided any information about the right to counsel or the right to a jury trial.  (Exh. *2,* Jay Brush Declaration, ¶ 13; Exh. 5, Samantha Brush Declaration, ¶ 6.)  Plaintiff did not affirmatively waive either right.  (Exh. 2, Jay Brush Declaration, ¶ 14; Exh. 5, Samantha Brush Declaration, ¶ 7.)

The judge informed Brush what his sentence would be and instructed him to enter his plea, which he did, feeling he had no choice.  (Exh. 2, Jay Brush Declaration, ¶ 15; Exh. 5, Samantha Brush Declaration, ¶ 8.)  There is no transcript or other documentary evidence, including Missouri's mandatory Waiver of Counsel form, that contradicts plaintiff's and Samantha Brush's recollections of the proceeding contained in the Court file.  (Court File.)

In 1989, Judge John Ed Luther was the associate circuit court judge in the Missouri First Circuit, in Scotland County, Missouri, and Gary Dial was the prosecuting attorney there. (Exh. 6, Dep. of Gary Dial 5-9.)  During his tenure as prosecutor, Dial, who later became the circuit judge in Scotland County for 24 years, handled over a thousand misdemeanor pleas.  (*Id.* at 8:5-13, 9:5-14.)

Dial testified to the following at his deposition.  He does not specifically remember plaintiff's plea.  However, at that time Judge Luther commonly took misdemeanor pleas sitting at a desk in an office-like room, like every other county officer had, located one floor below the only actual courtroom in the courthouse.  Aside from DWIs, Judge Luther did not have a practice of obtaining written waivers of counsel, of reading from any script regarding the right to counsel, or of having *pro se* defendants sign a checklist waiving their rights.  Likewise, Judge Luther did not have a practice of apprising *pro se* defendants of their right to a jury trial or of reading from a written script regarding jury rights.  The "vast majority" of misdemeanor pleas before Judge Luther were not on-the- record or transcribed.  (*Id.* at 11-29.)

Dial furtherer testified that Judge Luther ran a "loose ship" procedurally, and Dial, who was 24 years old at the time, "wasn't going to pick a fight with the judge, because [he] didn't think he was doing things correctly, especially as a young prosecutor." (*Id.* at 21:18-23:1.)  Judge Luther often told *pro se* defendants what their sentence would be before they entered a plea of guilty.  (*Id.* Tran 9:5-22, 41:16-42:2.)  It was not unusual for the alleged victim of a misdemeanor assault to be present during the guilty plea. (*Id.* Tran. 34:2-13.) It was the court's practice to keep everything pertaining to the case in the court file. (*Id.* Tran. 21-39.)

8

Under 18 U.S.C. § 925A, a person denied a firearm pursuant to subsection (s) or (t) of section 922 "who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922, may bring an action against … the United States … for an order directing that the erroneous information be corrected or that the transfer be approved…." Plaintiff is alleged to be barred from possessing firearms by virtue of 18 U.S.C. §§ 921(a)(33) and 922(g)(9). (SUMF ¶ 4.)

Under § 922(g)(9), it is unlawful for anyone to possess any firearm or ammunition "who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9). Title 18 U.S.C. § 921 defines the term "misdemeanor crime of domestic violence," 18 U.S.C. § 921(a)(33)(A), then states the following:

> (B)(i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless—
>
> (I) the person was represented by counsel in the case, or knowingly and intentionally waived the right to counsel in the case; and
>
> (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either
>
> > (aa) the case was tried by a jury, or
> >
> > (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

18 U.S.C. § 921(a)(33)(B).

Here, the undisputed evidence shows that plaintiff's misdemeanor assault conviction under state law may not for the purposes of federal law be considered a misdemeanor crime of domestic violence as defined by federal law. Plaintiff's and his wife's uncontradicted testimony set forth above affirm that he did not have a lawyer during the 1989 Scotland County plea proceeding. Moreover, under Missouri law in 1989, as well as today, plaintiff was entitled to a jury trial for the third degree assault offense with which he was charged in state court.

Finally, the uncontested evidence supports plaintiff's claim that he did not waive his rights to counsel or to a jury trial. He had no experience in the criminal justice system, had never hired a criminal lawyer, and was unaware of his right to counsel or a jury. He and his wife, who was also present at the plea, testified that he was not informed of his rights and did not affirmatively waive them. The judge instructed plaintiff to plead guilty, which he did, because he felt he had no choice. The proceeding was off-the-record and did not take place in a courtroom. The Scotland County court file lacks any contrary evidence, including Missouri's mandatory waiver form, even though the court's practice was to keep everything pertaining to the case in the court file. (*Id.* at ¶ 16.)

Furthermore, the contemporaneous practices and procedures in the circuit court also support plaintiff's claim. Gary Dial, the prosecuting attorney in Scotland County in 1989, testified at his deposition that while he does not specifically recall plaintiff's 1989 plea, generally, at that time *pro se* criminal defendants who were charged with misdemeanors were made to give their pleas outside of a formal courtroom, without any record, and without being apprised of their rights or signing waiver forms. Judge Dial testified that the court's practice was not entirely procedurally correct, but as a junior attorney he was not comfortable correcting a long-serving judge. (*Id.* at ¶ 24.)

The government attacks the credibility of plaintiff's evidence as merely "self-serving." However, the government has presented no evidence of its own, especially evidence that contradicts the testimony of plaintiff, his wife, or Gary Dial. Like the state court file, the government's presentation does not state anything about whether plaintiff waived his rights. The government has provided no evidence that plaintiff's conviction was a disqualifying misdemeanor crime of domestic violence, while plaintiff has provided evidence that he pled guilty without being apprised of, let alone knowingly and intelligently waiving, his rights to counsel and to a jury trial. Moreover, Judge Dial's testimony is consistent with and bolsters the two eyewitness declarations. Judge Dial's sworn testimony recollecting Judge Luther's practice is competent and undisputed evidence corroborating plaintiff and his wife's testimony about the 1989 proceeding.

10

Again, the undisputed record evidence demonstrates that plaintiff did not have a lawyer, was entitled to a jury trial, but was neither informed of nor affirmatively waived either of these rights. Therefore, plaintiff's state court conviction is not under federal law a qualifying misdemeanor crime of domestic violence that bars him from possessing a firearm or ammunition under federal law. The Court concludes defendant erred in classifying plaintiff's conviction as a misdemeanor crime of domestic violence which has prevented him from obtaining a firearm in violation of 18 U.S.C. § 925A. Plaintiff is therefore entitled to summary judgment. *Cf. Ross v. Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 903 F.Supp.2d 333, 342 (D. Md. 2012) (granting summary judgment to plaintiff because federal officials wrongly prevented him from purchasing a firearm).

### III. CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that the motion of plaintiff Jay Brian Brush for summary judgment **[Doc. 38] is GRANTED.**

**IT IS FURTHER ORDERED** that the motion of the defendant United States for summary judgment **[Doc. 33] is DENIED.**

**IT IS HEREBY DECLARED** that plaintiff Jay Brian Brush is not and may not be barred or prohibited by any agency of the United States from obtaining firearms or ammunition by virtue of his Missouri state court conviction in 1989 for misdemeanor assault third degree under § 565.070 R.S.Mo.

A separate Judgment Order is filed herewith. Plaintiff has 21 days to file a motion for reasonable attorney's fees. *See* E. D. Mo. Local Rule 8.02.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 24, 2023.