UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAY BRIAN BRUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2: 22 CV 32 DDN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's unopposed motions for attorneys' fees and expenses, and costs. [Docs. 51-52.] After reviewing the motions, memoranda, and accompanying declarations and other exhibits, the Court grants plaintiff's motion for attorneys' fees and expenses.

## I. BACKGROUND

Plaintiff Jay Brian Brush filed his complaint against defendant United States of America on May 25, 2022. He alleged that he was denied the ability to purchase firearms because his state court misdemeanor assault conviction from 1989 was misclassified as a "misdemeanor crime of domestic violence" under 18 U.S.C. §§ 921(a)(33) and 922(g)(9). He sought declaratory relief and attorneys' fees and costs under 18 U.S.C § 925A.

On January 24, 2023, after rigorous motion practice, including two dispositive motions and motions for reconsideration filed by the government, this Court entered summary judgment against defendant, granted plaintiff's request for declaratory relief, and denied the government's cross-motion for summary judgment. [Docs. 49-50.]

## II.  DISCUSSION

As noted, plaintiff's claim arose under 18 U.S.C. § 925A, which provides in relevant part: "In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs."  Plaintiff is the prevailing party by having been granted summary judgment, obtaining declaratory relief, and defeating defendant's cross-motion for summary judgment.

In support of his motion, plaintiff argues he is entitled to reasonable attorneys' fees in the amount of $26,505.00.  He argues he is also entitled to an award of taxable costs totaling $624.62.  This Court agrees.

Determining an award of attorneys' fees often begins with the lodestar method, which "is meant to produce 'an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case.'"  *League of Women Voters v. Ashcroft*, 5 F.4th 937, 939 (8th Cir. 2021).  "The 'lodestar'. . . 'is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.'" *Id*.  "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

After a district court determines the lodestar amount, it may then consider other factors to adjust the fee upward or downward, including the important factor of the "results obtained." *Marshall v. Anderson Excavating & Wrecking Co.*, 8 F.4th 700, 712 (8th Cir. 2021).  Courts consider the extent of a plaintiff's success in considering the appropriate award of attorneys' fees.  Thus, "[w]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 713.  Further, Eighth Circuit precedent directs courts to consider whether the plaintiff failed on unrelated claims in the case and whether the plaintiff's level of success 'makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Id.*  Finally, "[a]lthough there is no one methodology for calculating an award of

fees, it is important 'for the district court to provide a concise but clear explanation of its reasons for the fee award.'" *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 966 (8th Cir. 2012) (quoting *Hensley v. Eckerhard*, 461 U.S. 424, 437 (1983)).

The background and experience of plaintiff's attorneys in this case are set forth in the Declarations of Edwin C. Ernst, IV, and Jeffrey W. Ernst (**Ex. 1-2**). Their hourly rates are: Edwin C. Ernst, IV, $400, and Jeffrey W. Ernst, $300-350. These rates are reasonable, particularly given that this case involved a sparsely litigated area of the law and the government's extensive challenges surrounding the *Rooker-Feldman* doctrine.

Moreover, the hourly rates requested here are also reasonable when compared to current Missouri rates. (Doc. 53-1, Ex. 1, Tab B.) Furthermore, the declarations of counsel in this case attest that these rates are reasonable, fair, and well within the range of market rates customarily charged by lawyers with similar experience and practice areas in Missouri.

The Court concludes the requested hourly rates are reasonable under the circumstances of this case.

As noted, the lodestar is the product of the attorneys' hourly rates multiplied by the number of compensable hours expended on the matter. *League of Women Voters,* 5 F.4th at 939. The attorney billing records reflect that they billed a combined 70.95 hours and that plaintiff paid an hourly rate for services rendered through December 2022. (Exs. 1-2, Tab A.) The Court determines that the following hours expended and hourly rates are reasonable: one attorney expended 48.85 hours at a rate of $400 an hour; and one attorney expended 22.1 hours at a rate of $300.00 and $350.00 an hour.

Although the lodestar is a presumptively reasonable fee, the Court must then consider whether it should be reduced. *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 649 (8th Cir. 2022). Here, however, there is no basis for reducing the lodestar amount because plaintiff prevailed entirely on his single claim and achieved complete relief.

Plaintiff also seeks expenses. Recoverable expenses include all costs and out-of-pocket expenses of plaintiff's attorneys. *Neufeld v. Searle Labs.*, 884 F.2d 335, 342 (8th Cir. 1999); *see also Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-295 (8th Cir. 1996)

(reasonable attorneys' fees must include "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys").  The expenses here include the filing fee ($402.00), transcript of deposition of G. Dial for ($208.70), and service of summons via certified mail ($13.92).  Accordingly, plaintiff is awarded expenses of $624.62.

Plaintiff has filed a bill of costs itemizing taxable costs. He asks that should any of the expenses be determined to be nontaxable, that reimbursement be included as part of the attorneys' fee.  The Court does not find so and therefore will deny the motion for costs as it is included as expenses.

Based on the foregoing, the Court in its discretion awards plaintiff reasonable attorneys' fees of $26,505.00 and expenses of $624.62.

### III.  CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that the motion of plaintiff Jay Brian Brush for reasonable attorney's fees and expenses **[Doc. 52] is GRANTED.**  Plaintiff is awarded reasonable attorney's fees of $26,505.00 and expenses of $624.62.

**IT IS FURTHER ORDERED** that the motion of plaintiff for a Bill of Costs **[Doc. 51] is DENIED.**

                                              /s/   David D. Noce
                                       **UNITED STATES MAGISTRATE JUDGE**

Signed on March 7, 2023.